ShackelfORD, J.,
delivered the opinion of the Court.
On the 28th of March, 1844, James Pickens, Sr,, Golding and wife, filed their bill against John Hunt, executor, and the heirs of Mack Osburne, deceased, iu Chancery Court, at Jonesboro, in which Pickens claimed the undivided interest, and seven out of the thirteen shares,- and Golding and wife claimed one share of a tract of land of one hundred and forty acres, devised by Osburne, and sought to sell a purchase *88 made by Hunt, the executor, at Sheriff’s sale, and prayed the land might be sold, for a division. The heirs of Moses Osburne denied Pickens’ right to the shares claimed. At the November Term, 1850, the death of John Hunt, and James Pickens, Sr., was suggested, and the suit was revived, by consent, in tbe name of the heirs of the parties- During the pending of the suit in 1846, tbe interest of James Pickens, Sr., in the Osburne land, was sold by the Sheriff of the County, to satisfy an execution that Mrs. Bragg obtained against James Pickens, Sr. This sale was on the 5th of October, 1846. At tbe May Term, 1852, of the Chancery Court, a sale was decreed of the Osburne lands, and terms not being complied with, a re-sale was ordered, at the November Term, 1852- Under this sale, Benjamin Birdwell became the purchaser, at the price of $961, which was confirmed at the May Term, 1853, and an account was ordered, for a distribution of the funds. On the 5th of September, 1853, an amended bill was filed, making the heirs of James Pickens, Jr., parties. At the November Term, 1853, a final decree was pronounced, settling tbe rights of the parties — declaring the redemption of the lands by James Pickens, Jr., was a mortgage, and that the same had been paid by James Pickens, Sr., and the same was satisfied. The heirs of James Pickens, Jr.} prayed an appeal to this Court; and not being parties to the suit at the time the sale of the land was ordered, and not being regularly before the Court, to contest their rights at the Term the decree for the sale of the land, and the final decree was made, the decree of the Chancellor was reversed, and the -cause remanded.
*89 On the 4th of September, 1856, this supplemental bill, by Mullinix, as administrator of James Pickens, Sr., and his heirs and devisees, and the heirs of Elizabeth Golding, and Benjamin Birdwell, the purchaser of the land at the Master’s sale, was filed against the heirs at law of James Pickens, Jr., deceased, and the other heirs of Mack Osburne, and the heirs of John Hunt, in which it was alleged the heirs of James Pickens, Jr., had no interest in the land; that it had been sold at execution sale, after the filing of the original bill; was purchased by Mrs. Bragg, and redeemed from her by James Pick-ens, Jr., for James Pickens, Sr., who refunded the redemption money; and praying the cloud be removed from the title, and the sale to Benjamin Birdwell be confirmed. To this bill there was a demurrer, filed by James Pick-ens’, Jr., heirs, and for grounds of demurrer, that the administrator of James Pickens, Jr., was a necessary party, which was disallowed by the Chancellor.
The answer of Pickens’ heirs was filed, in which the redemption of the land from James Pickens, Jr-, was denied, and claimed the land. It was also filed, as a cross bill, which was denied by the complainants. A decree was rendered by the Chancellor for the complainants, and dismissing the cross bill, from which the heirs of James Pickens, Jr., have appealed to this Court.
The demurrer of the defendants was properly disallowed. The deed to James Pickens, Jr., was absolute on its face. The bill alleged a satisfaction, and payment of the money by James Pickens, Sr., and it was cloud upon the title of complainants, and the parties had the right to come into a Court of Chancery to have *90 it removed. Upon the death of the party, the legal title descended to his heirs. If the mortgage is in fee, and the mortgagee is dead, the heirs at law of the mortgagee, or other party, in whom the legal title is, must be made a party: .Story’s Equity Pleadings, par. 188. There is a clear distinction, which should be constantly borne in mind, between who are indispensable parties, and persons who may be made parties; and yet, if they are not, the suit may proceed without them, and not be defective; and we think the present case falls within that class of cases. The object of the bill is to remove the cloud, and decree the title' out of the heirs of James Pickens, Jr.; hence, the representative of James Pickens, Jr., is not a necessary party.
We are satisfied, from the proof, that James Pickens, Jr., redeemed the land, at the instance, and for, James Pickens, Sr., and that the money was refunded, under an agreement made at the time of the redemption, and that the complainants are entitled to the relief sought. The land was sold at a fair price, at the Master’s sale, and it is to the interest of the complainants the sale should be confirmed.
The decree of the Ghancellor will be confirmed, and the cause remanded.